**SUNBEAM CORPORATION, an Illinois Corporation, Plaintiff,**

v.

**Sebastian J. SCHIROS, Individually and doing business as J & S Appliance, Defendant.**

**Civ. A. 14608.**

United States District Court
E. D. Michigan, S. D.

April 1, 1957.

Hill, Lewis, Andrews, Granse & Adams, (William W. Slocum, Jr.), Detroit, Mich., for plaintiff.

Aldrich Baxter, Mayer Morganroth, Detroit, Mich., of counsel, for defendant.

THORNTON, District Judge.

The Court has before it a motion by plaintiff for determination of defendant's counterclaim. The action commenced by plaintiff was one grounded on tortious interference with plaintiff's contract rights with certain of plaintiff's dealers. The contract rights were those arising out of fair trade agreements. At the time the suit was commenced this Court granted plaintiff's request for injunction enjoining defendant from doing acts constituting the tort for which the action was brought. At that time the Michigan Supreme Court had ruled in the Shakespeare Case[1] that the Michigan Fair Trade Act was unconstitutional insofar as it applied to nonsigners. The action brought by plaintiff herein against defendant, a nonsigner, was not brought on the theory of breach of fair trade contract. It was not brought on any contractual theory. It was brought on a tort liability theory.

1. Shakespeare Co. v. Lippman's Tool Shop Sporting Goods Co., 334 Mich. 109, 54 N.W.2d 268.

The theory of defendant's counter-claim herein attacked by plaintiff is that the fair trade contracts of plaintiff with its dealers violate the Sherman Anti-Trust Act, 15 U.S.C.A. §§ 1–7, 15 note and the Clayton Act, 15 U.S.C.A. § 12 et seq., as well as the anti-trust laws of the State of Michigan. It is also defendant's theory that the injunction was wrong-fully issued.

In view of the vast amount of litigation in this country during the past few years, and the conclusion reached again and again by the courts, of the non-violative character of State Fair Trade legislation in relation to Federal Anti-Trust Acts, we deem it unnecessary to deal with this point of defendant's ar-gument other than to say that it is with-out merit.[2] As to any violation of the anti-trust laws of the State of Michigan, it is our view that the courts of this State have had the opportunity to de-clare the fair trade legislation to be so violative, and have not seen fit to do so. The decisions of the Michigan Supreme Court carry the implication that fair trade agreements in Michigan are valid and not in violation of constitutional or legislative provisions. See the Shake-speare Case and the Argus Cameras Case.[3]

We now reach the theory of de-fendant that he is entitled to damages because of the alleged wrongful injunc-tion. It is defendant's contention that the plaintiff sought this injunction ma-liciously and with full knowledge that it had no right to do so. This contention is made by way of argument. The Court finds no allegation of malice in defend-ant's counterclaim and, as to defendant's argument that plaintiff knew it had no right to do this, the perfect foil is the dissenting opinion of Justice Butzel in the Argus Cameras Case, supra, in which Justices Boyles and Kelly concur, holding that the action of the lower court in

granting a preliminary injunction (in the same situation as was present in the instant action) should be affirmed.

It is the opinion of this Court that defendant's counterclaim is devoid of merit.

An appropriate order may be present-ed.

---

2. Sunbeam Corp. v. Payless Drug Stores, D.C., 113 F.Supp. 31; Sunbeam Corp. v. MacMillan, D.C., 110 F.Supp. 836.

3. Shakespeare Co. v. Lippman's Tool Shop Sporting Goods Co., 334 Mich. 109, 54 N. W.2d 268; Argus Cameras, Inc., v. Hall of Distributors, Inc., 343 Mich. 54, 72 N.W.2d 152.